# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **PATRICK CLOUTIER**, Individually, | : |
| Plaintiff, | : CIVIL ACTION No.: |
| v. | : |
| **LEDYARD BOARD OF EDUCATION**, A Connecticut Municipal Board, and **SHARI TERNOWCHEK**, Individually and in Her Capacity As a Management Employee, | : |
| Defendants. | : |

## COMPLAINT:

### PARTIES:

1. The plaintiff, Patrick Cloutier, is a resident of the state of Connecticut and resides at 41 East High St. #21, East Hampton, CT 06024.

2. The Ledyard Board of Education has a business address of 24 Gallup Hill Rd., Ledyard, Connecticut 06339.

3. The plaintiff was employed by the defendant, the Ledyard Board of Education in Ledyard, Connecticut, as a per diem substitute teacher for the 2018-2019 school year until he was terminated on July 25, 2019.

4. The defendant Shari Ternowchek is and was the Vice Principal of the Juliet Long Middle School in Ledyard, Connecticut, and Ternowchek is and was an employee of the defendant, Ledyard Board of Education.

### JURISDICTION:

5. This court has jurisdiction over this case and controversy based upon the following:

1

    a. The plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*;

    b. The plaintiff brings this action pursuant to Title IX of the Education Amendments of 1972, as codified at 20 U.S.C. §§ 1961-1968;

    c. The plaintiff brings the following claims based upon Connecticut State law for which this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367;

        i. Violations of Conn. Gen. Stat. §§ 46a-58, *et seq.*; and,

        ii. Common law claims of intentional infliction of emotional distress and negligent infliction of emotional distress.

    d. The plaintiff has exhausted all administrative remedies and has received a right to sue letter from the EEOC (EEOC Charge # 16A-2020-00090) dated Sept. 14, 2020, and a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities (CHRO complaint # 2040123) on Aug. 26, 2020.

BACKGROUND:

6. The plaintiff worked as a substitute teacher at the Juliet Long Middle School and Ledyard High School intermittently starting in May of 2018 and throughout the 2018-2019 school year. Both schools are operated by the Ledyard Board of Education in Ledyard, Connecticut.

7. The plaintiff, who is a straight, white male of Russian ancestry and who presents as masculine, was repeatedly harassed by teachers, principals, assistant principals, Vice Principals and other members of management in the Ledyard

school system including Ann H., Assistant Superintendent of Ledyard Schools, William T., Vice Principal of Ledyard High School, James B., Vice Principal of Ledyard High School, William T., Vice Principal of Ledyard High School, Mark W., Principal of Juliet Long Middle School, Dr. Pamela A., Principal of Gallup Hill Elementary School and defendant Shari Ternowchek, Vice Principal of Juliet Long Middle School.

8. The harassment to the form of comments and name-calling using the terms slut, whore, man-whore, gigolo, homosexual, gay and Nazi.

9. The harassment included physical intimidation by male teachers of color, who boxed him in physically in the cafeteria and who also impeded his free access and egress by blocking his path.

10. The harassment included unfair admonitions, instructions not to speak Russian, reprimands for specious reasons and selective enforcement of rules and policies.

11. The defendant, Ledyard Board of Education, employs more than fifty (50) employees.

COUNT ONE: HOSTILE WORK ENVIRONMENT: Violations of Title VII of the Civil Rights Act, Title IX and Connecticut Fair Employment Practices Act:

12. This paragraph incorporates all previous paragraphs as though fully set forth herein.

13. As a result of the constant verbal, physical and performance harassment, the plaintiff experienced a hostile work environment which materially affected the terms and conditions of his employment.

14. As a result of experiencing a hostile work environment, the plaintiff suffered emotional distress and economic losses.

COUNT TWO:  DISPARATE TREATMENT; Violations of Title VII of the Civil Rights Act, Title IX and Connecticut Fair Employment Practices Act:

15. The plaintiff incorporates paragraphs 1 through 14 as though fully set forth herein.

16. As a result of the disparate treatment, the plaintiff suffered material changes to his work status including;

    a. Being transferred to disfavored work assignments;

    b. Being scolded, reprimanded and counseled for specious reasons;

    c. Being subjected to heightened scrutiny regarding his job performance and work place conduct.

17. As a result of the disparate treatment of the plaintiff, the plaintiff suffered injury and damages not limited to:

    a. Emotional distress and trauma which impacted his physical and mental health;

    b. Lost wages;

    c. Lost opportunities to transfer to another job with the defendant;

    d. Loss of reputation.

18. The defendant and/or its agents engaged in actions in violation of Title VII, Title IX and the Connecticut Fair Employment Practices Act based upon the plaintiff's gender/sex (male), gender expression (masculine), ancestry (Russian), sexuality (heterosexual) and race (white).

COUNT THREE:  WRONGFUL TERMINATION; Violations of Title VII of the Civil Rights Act, Title IX and Connecticut Fair Employment Practices Act:

19. The plaintiff hereby incorporates paragraphs 1 through 14, as though fully set forth herein.
20. On or about June 19, 2019, on the last day of school at the Juliet Long Middle School, the plaintiff was working as a substitute teacher.
21. That last day of school, the students were allowed to roam around, visiting other students in the different classroom and were allowed to watch videos of their choice.
22. In the classroom that the plaintiff was assigned, the students selected a video documentary about Justin Bieber to watch. This video documentary was on listed on the history found on the classroom's internet access.
23. As the Bieber documentary progressed, is showed Bieber grabbing his crotch, abusing his adult staff and acting disrespectfully to the females around him.
24. The plaintiff was concerned about the inappropriate message that Bieber's conduct was sending to his middle school aged class so the plaintiff switched form the Bieber video to a video featuring a shuffle dance (fancy footwork predominantly) performed by young women set to an Elvis Presley tune.
25. Within a short time, members of the school administration came to the classroom and told the plaintiff he was dismissed for the day and "perp walked" him out of the building to his vehicle.
26. The plaintiff was terminated on July 25, 2019 ostensibly based upon his playing of the "shuffle dance" video and the Ledyard Board of Education objected to his application for unemployment benefits through the Connecticut Department of Labor.

COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; Connecticut Common Law Tort:

27. The plaintiff hereby incorporates paragraphs 1 through 14, and paragraphs 19 through 26, as though fully set forth herein.

28. On or about June 19, 2020, the Vice Principal of Juliet Long Middle School, defendant Shari Ternowchek filed a complaint against the plaintiff with the Connecticut Department of Children and Families alleging "inappropriate conduct" toward the students in the classroom who viewed the "shuffle dance" video.

29. On or about June 19, 2020, the Vice Principal of Juliet Long Middle School, defendant Shari Ternowchek filed a complaint against the plaintiff with the Ledyard Police Department alleging "inappropriate conduct" toward the students in the classroom who viewed the "shuffle dance" video.

30. The Ledyard Board of Education, fueled by defendant Shari Ternowchek's allegations, opposed the plaintiff's application to obtain unemployment benefits through the Connecticut Department of Labor.

31. All three agencies, CT DCF, Ledyard Police and CT DOL rejected the complaint and allegations by Shari Ternowchek as insubstantial and the plaintiff was awarded unemployment benefits.

32. Upon information and belief, Vice Principal Shari Ternowchek received training regarding what constitutes subject matter that should be reported to CT DCF.

33. Defendant Ternowchek knew that her complaint was insubstantial and unfounded and that making an insubstantial; unfounded complaint to CT DCF

against the plaintiff would be highly inflammatory, incendiary, defamatory and emotionally upsetting to the plaintiff while negatively impacting his character.

34. As a result of the unfounded, insubstantial and outrageous complaints Ternowchek brought against plaintiff, the plaintiff suffered injury and damages not limited to:

   a. Emotional distress and trauma which impacted his physical and mental health;

   b. Lost wages;

   c. Lost opportunities to obtain employment as a teacher with other school systems;

   d. Loss of reputation.

## COUNT FIVE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; Connecticut Common Law Tort:

35. The plaintiff hereby incorporates paragraphs 1 through 14, and paragraphs 19 through 26, and paragraphs 28 through 32, as though fully set forth herein.

36. Defendant Ternowchek knew, or should have known, that her complaint was insubstantial and unfounded and that making an insubstantial; unfounded complaint to CT DCF against the plaintiff would be highly inflammatory, incendiary, defamatory and emotionally upsetting to the plaintiff while negatively impacting his character.

37. As a result of the negligent, unfounded, insubstantial and outrageous complaints Ternowchek brought against plaintiff, the plaintiff suffered injury and damages not limited to:

    a. Emotional distress and trauma which impacted his physical and mental health;

    b. Lost wages;

    c. Lost opportunities to obtain employment as a teacher with other school systems;

    d. Loss of reputation.

## PRAYER FOR RELIEF:

WHEREFORE, the plaintiff respectfully prays that this Court award damages, including:

1. Money damages;

2. Treble damages for the intentional infliction of emotion distress;

3. Reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988 and the Connecticut Unfair Employment Practices Act, 46a-58, *et seq.*; and,

4. Costs, fees and expenses related to this complaint.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES TRIABLE BY A JURY**

    Dated: November 10, 2020

                      Respectfully Submitted,

                      For the Plaintiff, PATRICK CLOUTIER,

                      By: /s/_____L. Kay Wilson_____
                      L. Kay Wilson, Esq. (ct16084)
                      Wilson Law LLC
                      2482 Main Street, #332
                      Glastonbury, CT 06033
                      860-559-3733 (phone)
                      Wilson@kaywilsonlaw.com