UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK CLOUTIER,<br><br>*Plaintiff*,<br><br>v.<br><br>LEDYARD BOARD OF EDUCATION and SHERI TERNOWCHEK,<br><br>*Defendants*. | Civil No. 3:20cv1690 (JBA)<br><br>March 21, 2022 |

**RULING ON MOTION FOR RECONSIDERATION**

On December 17, 2021, the Court denied Defendant Ledyard Board of Education's motion to dismiss Plaintiff Patrick Cloutier's hostile work environment claims and granted Defendant's motion with respect to Plaintiff's disparate treatment and wrongful termination claims. *See Cloutier v. Ledyard Bd. of Ed.*, No. 3:20cv1690 (JBA), -- F. Supp. 3d ---, 2021 WL 5988614, at *10 (D. Conn. Dec. 17, 2021). Twenty-two days later, on January 8, 2022, Plaintiff filed a motion for reconsideration of the Court's ruling as to his wrongful termination claims. (Pl.'s Mot. for Reconsideration ("Pl.'s Mot.") [Doc. # 49].)

Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought" and require the movant to set "forth concisely the matters or controlling decisions which [the movant] believes the Court overlooked in the initial decision or order." D. Conn. Loc. Civ. R. 7(c). The Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller & E. Cooper, *Federal Practice &*

*Procedure* § 4478). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012). Consideration of a motion for reconsideration is committed to the Court's discretion. *Nygren v. Greater N.Y. Mut. Ins.*, No. 3:07-CV-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010).

In support of his motion, Plaintiff argues that the Court's ruling "included oversights and omissions in its analysis that are material to the Plaintiff's claim of wrongful termination." (Pl.'s Mot. at 1.) Plaintiff maintains that the Court was "mistaken" when it "identified the reason for the Plaintiff's termination as centering on the fact that he had played a Justin Bieber documentary to students at the Juliet Long School," (*id.*), that "a fair reading of the Second Amended Complaint shows that the allegations . . . demonstrate that the Plaintiff found the Bieber video on the 'teachers favorites' file" of another teacher's computer, and that "it is clear that the Plaintiff did not select the Bieber video knowing it contained inappropriate messages." (*Id.* at 2-3.) Plaintiff argues that the Court should have inferred from the allegations that the video was "approved by that teacher" and should have credited Paragraph 42 of the Second Amended Complaint, which states that Defendant's representative testified to the Department of Labor that Plaintiff was terminated for showing a different video. (*Id.* at 3-4.) Plaintiff also argues that Defendant made material misrepresentations of fact in its briefing stating that Plaintiff was terminated for showing the Justin Bieber video on which the Court relied to make its decision. (*Id.* at 7.)

2

As an initial matter, Plaintiff's motion is untimely because it was filed fifteen days past the deadline imposed by this District's rules. Plaintiff's counsel attempts to excuse the untimeliness of this motion by representing that she had limited ability to work because of "several health challenges" she has suffered. (Pl.'s Mot. at 9.) However, Plaintiff's Counsel never moved for an extension of time to file a motion for reconsideration on the basis she now proffers, which would have required minimal effort. Thus, the late filing of this motion supplies an independent ground on which the Court denies Plaintiff's motion for reconsideration.

Additionally, Plaintiff's Second Amended Complaint did not set forth facts plausibly supporting an inference that he performed his job satisfactorily or that the reason he was terminated was because of his membership in a protected group. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000) (explaining the requirements of a prima facie case). In fact, the allegation that he was terminated for playing a different video (that was not inappropriate for school children), without more, bears no evident relation to discrimination. Plaintiff attempts to sidestep this shortcoming by arguing that the allegation raises an inference of pretext. However, a prima facie case for wrongful termination under Title VII requires Plaintiff to include facts supporting an inference that he was terminated based on his membership in a protected class and an allegation of pretext is not a substitute for a showing of prima facie discrimination. *See Allen v. Murray-Lazarus*, 463 F. App'x 14, 17-18 (2d Cir. 2012) (observing that "evidence of pretext is irrelevant if a plaintiff is unable first to show circumstances giving rise to a plausible inference of discrimination").

For the forgoing reasons, Defendant's Motion for Reconsideration [Doc. # 49] is DENIED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of March 2022